Thomas R. Calcagni, Esq.
NJ Bar ID: 044801997
Calcagni & Kanefsky
The New Jersey Office of Harris, O'Brien, St. Laurent & Chaudhry LLP
One Newark Center
1085 Raymond Blvd, 14th Floor
Newark, NJ 07102
(862) 397-1796
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMRAT CONTAINER LINES, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> SAFEWATER LINES INDIA PVT. LTD., <br><br> *Defendant,* <br><br> and <br><br> HABA-SPED LOGISTICS USA INC., INTERNATIONAL LOGISTICS ASSOCIATES, <br><br> and <br><br> GSN WORLD WIDE LOGISTICS, LLC, <br> *Garnishees.* | CIVIL ACTION No. _____ <br><br> **VERIFIED COMPLAINT IN ADMIRALTY AND REQUEST FOR ISSUANCE OF MARITIME ATTACHMENT AND GARNISHMENT** |

Plaintiff Samrat Container Lines, Inc. ("Samrat") complains of Defendant Safewater Lines India Pvt. Ltd. ("Safewater") and alleges upon information and belief as follows:

### The Parties

1. At all material times, Samrat was and is a company organized and existing under the laws of the State of New Jersey with its principal place of business at 10 Corporate Place South, Suite 104, Piscataway, NJ 08854.

2. At all material times, Safewater was and is a company organized and existing under the laws of India. Safewater is a Non-Vessel Ocean Common Carrier ("NVOCC") with offices located in various Indian ports. Safewater is not found either in this District, or in any other convenient adjacent jurisdiction, within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B").

3. Garnishee Haba-Sped Logistics USA Inc. ("Haba-Sped") is a corporation registered to do business in the State of New Jersey with its principal place of business at 399 Hoes Lane, Piscataway, NJ 08854. On information and belief, Samrat reasonably believes that Haba-Sped holds property and/or accounts which belong, and/or are owed, to Safewater.

4. Garnishee International Logistics Associates ("International Logistics") is a corporation registered to do business in the State of New Jersey with its principal place of business at 1852 Holly Road, North Brunswick, NJ 08902. On information and belief, Samrat reasonably believes that International Logistics holds property and/or accounts which belong, and/or are owed, to Safewater.

5. Garnishee GSN Worldwide Logistics, LLC ("GSN") is a corporation registered to do business in the State of New Jersey with its principal place of business at 55 Carter Drive, Suite 209, Edison, NJ 08817. On information and belief, Samrat reasonably believes that GSN holds property and/or accounts which belong, and/or are owed, to Safewater.

### Jurisdiction and Venue

6. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty and maritime subject matter jurisdiction pursuant to 28 U.S.C. § 1333.

7. Venue is proper in this Court because property of Safewater is, or may soon be, within this District.

## The Facts

8. Samrat is an ocean shipping and logistics company operating in more than 80 countries. Samrat operates as a Federal Maritime Commission-licensed NVOCC, including the booking and facilitation of import and export ocean cargoes.

9. Since at least 2010, Safewater had been a customer of Samrat.

10. Satish V. Anchan, President of Samrat, and Anil Malik, Director of Safewater, orally agreed that Samrat would serve as Safewater's U.S. agent. Pursuant to the parties' agreement, Samrat would assist with both Freight Prepaid and Freight Collect ocean cargoes imported into the U.S. as follows:

   a. For both Freight Prepaid and Freight Collect ocean cargoes, Safewater as NVOCC would issue a bill of lading direct to Safewater's customer.

   b. Safewater then would place the cargo with an ocean carrier, which issued an ocean bill of lading identifying Safewater as the shipper, and Samrat as the consignee.

   c. Safewater would then transmit the ocean bills of lading to Samrat, which would – as consignee under those ocean bills of lading – present the bills of lading to the ocean carrier, for import receipt of the cargo.

   d. Samrat then would make the arrangements for the cargo to be transported to the ultimate consignee, listed on the Safewater NVOCC bill of lading.

11. In accordance with the parties' agreement, Safewater and Samrat maintained a running account of money due from Safewater to Samrat on Freight Prepaid ocean cargoes, and

money due from Samrat to Safewater for Freight Collect ocean cargoes. Until mid-2013, the balance on this running account was approximately even. After mid-2013, however, the balance which Safewater owed Samrat for reimbursement from Freight Prepaid cargoes began to increase steadily.

12. Towards the end of 2013, Safewater began to process its U.S.-bound shipments through a new agent, Haba-Sped. Safewater ceased work with Samrat, and thus Samrat stopped collecting moneys for Freight Collect cargoes, to apply against the outstanding balance which Safewater owed Samrat for Freight Prepaid cargoes.

13. Presently, Safewater owes Samrat a balance of **$1,058,561.19**, detailed as follows:

| | |
|---|---:|
| Safewater Line Delhi | $516,799.28 |
| Safewater Line Ghaziabad | $24,450.83 |
| Safewater Line Kolkata | $17,956.36 |
| Safewater Line Baroda | $12,056.93 |
| Safewater Line Ahmedabad | $375,032.68 |
| Safewater Line Mumbai II | $557,708.61 |
| **Freight Prepaid: Total Receivable** | **$1,504,004.69** |
| Safewater Line Secunderabad | ($20,025.45) |
| Safewater Line Mumbai | ($395,589.72) |
| Safewater Line Vishakhapatnam | ($18,378.50) |
| Safewater Line Chennai | ($7,716.88) |
| Safewater Line Bangolare | ($3,732.95) |
| **Freight Collect: Total Payable** | **($445,443.50)** |
| **Total Due** | **$1,058,561.19** |

### Count I: Breach of Maritime Contract (Rule B)

14. Samrat repeats and realleges the foregoing allegations as if set forth herein.

15. Safewater's failure to make full and timely payment to Samrat, despite repeated demand, is a breach of contract by Safewater.

16.     Samrat seeks issue of process of maritime attachment so that it may obtain security for its claims. No security for Samrat's claims has been posted by Safewater or anyone acting on its behalf to date.

17.     Safewater cannot be found within this district within the meaning of Rule B but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction including but not limited to cash, funds, freight, hire, Bills of Lading and/or credits in the hands of Garnishees in this District, including but not limited to Haba-Sped and International Logistics.

WHEREFORE, Samrat prays:

A.  That process in due form of law issue against Safewater, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.  That since Safewater cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Safewater's tangible or intangible property or any other funds held by any garnishee, which are due and owing to Safewater or in which Safewater has an interest, up to the amount of at least **USD $1,058,561.19** to secure Samrat's claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

C.  That since it appears that the U.S. Marshals Service lacks sufficient staff to effect service of process of Maritime Attachment and Garnishment promptly or economically, and that since appointing a person over 18 years of age and who is not a party to this action will result in substantial economies in time and expense,

such a person be appointed pursuant to Fed. R. Civ. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

D. That this Court retain jurisdiction over this matter through the entry of a judgment or award associated with the pending claims including appeals thereof; and

E. That Plaintiff may have such other further relief as may be just and proper.

Dated: October 1, 2014.

        Respectfully Submitted,

        /s/ Thomas R. Calcagni
        CALCAGNI & KANEFSKY, THE NEW JERSEY OFFICE OF HARRIS, O'BRIEN, ST. LAURENT & CHAUDRY LLP

        Thomas R. Calcagni
        Gianina Jean-Baptiste
        One Newark Center
        1085 Raymond Blvd., 14th Floor
        Newark, New Jersey 07102
        Telephone:   (862) 397-1796
        Facsimile:    (862) 902-5458
        tcalcagni@ck-harris.com
        gjean-baptiste@ck-harris.com

        OF COUNSEL
        J. Stephen Simms
        John T. Ward
        Simms Showers LLP
        201 International Circle, Suite 250
        Hunt Valley, Maryland 21030
        Telephone:   410-783-5795
        Facsimile:    410-510-1789
        jssimms@simmsshowers.com
        jtward@simmsshowers.com

        Pro Hac Vice Application to be filed.

## VERIFICATION

SATISH V. ANCHAN, being duly sworn, deposes and says:

1. I am the Chief Executive Officer of Samrat Container Lines, Inc.

2. I have read the foregoing Complaint and verify that the contents thereof are true.

>Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and corrected.
>
>Executed on October 1, 2014.
>
>_____
>Satish V. Anchan
>President
>Samrat Container Lines, Inc.