UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMRAT CONTAINER LINES, INC., : | |
| : | Civil Action No. 14-6110 (SRC) |
| Plaintiff, : | |
| : | **OPINION & ORDER** |
| v. : | |
| : | |
| SAFEWATER LINES INDIA PVT, LTD. : | |
| et al., : | |
| : | |
| Defendant and Garnishees. : | |
| : | |

**CHESLER**, District Judge

      This matter comes before the Court on the motion to vacate the attachment and dismiss the Complaint by Defendant Safewater Lines India Pvt. Ltd. ("Safewater"). For the reasons stated below, the motion will be denied.

      Plaintiff SAMRAT Container Lines, Inc. ("SAMRAT") filed a Complaint in this Court on October 1, 2014, as well as motions for issuance of process of maritime attachment and garnishment and for appointment for service of writs of maritime attachment and garnishment. The Court granted these motions, and the writs were issued. Defendant entered a limited appearance, pursuant to Supplemental Admiralty Rule E(8), for the sole purposes of getting the attachment vacated and the Complaint dismissed. Defendant filed the instant motion, seeking such relief, on two grounds: 1) Defendant may be found within this District; and 2) the dispute at issue is not a maritime claim. On December 18, 2014, the Court held oral argument on the motion and Ordered supplemental briefing on two issues: 1) whether Defendant could be found in this District for the service of process; and 2) whether the Complaint properly fell within this

Court's maritime jurisdiction.

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims to the Federal Rules of Civil Procedure (the "Supplemental Rules") sets forth the process by which a party can attach another party's assets. The rule provides:

> If a defendant is not found within the district when a verified complaint praying for attachment . . . [is] filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property -- up to the amount sued for -- in the hands of garnishees named in the process. . . . The court must review the complaint and affidavit and, if the conditions of this Rule B appear to exist, enter an order so stating and authorizing process of attachment and garnishment.

Fed. R. Civ. P., Adm. Supp. Rule B(1). Plaintiff obtained an attachment in this Court pursuant to Rule B. Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims provides the procedure for a Defendant to vacate this attachment:

> (f) Procedure for Release from Arrest or Attachment. Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules.

Fed. R. Civ. P., Adm. Supp. Rule E(4)(f). Defendant has sought to vacate the attachment pursuant to this Rule. "To avoid vacatur of attachment, it is the plaintiff's burden to show" that Defendant may not be found within this District. Vitol, S.A. v. Primerose Shipping Co., 708 F.3d 527, 541 (4th Cir. 2013).

Plaintiff has carried this burden, as the present record contains no evidence that Defendant may be found within this District. SAMRAT contends that Defendant, at the time of service, was not present in this District. In its supplemental briefing, Defendant offered an affidavit with documents which, in a nutshell, show that an entity named "Safewater Lines (I)

PVT LTD" is registered in New Jersey and has an agent for service of process here. The obvious problem is that "Safewater Lines (I) PVT LTD" is not the same name as that of Defendant Safewater Lines India Pvt. Ltd. Defendant has offered nothing which supports its claim that an entity with the precise name "Safewater Lines India Pvt. Ltd." is present within the District. Nor has Defendant offered authority for the proposition that a similarly named entity is close enough for these purposes. The present record contains no evidence that Defendant may be found within this District. Plaintiff has shown that Defendant may not be found within this District; there is no basis to vacate the attachment pursuant to Supplemental Rule E.

Defendant next argues that this Court lacks admiralty jurisdiction over this case, because the contract at issue is not wholly maritime in nature. This argument runs afoul of Supreme Court authority on this issue. In the key case on this issue, Norfolk Southern Ry. v. James N. Kirby, Pty Ltd., 543 U.S. 14, 24 (2004), the Supreme Court held:

> To ascertain whether a contract is a maritime one, we cannot look to whether a ship or other vessel was involved in the dispute, as we would in a putative maritime tort case. Nor can we simply look to the place of the contract's formation or performance. Instead, the answer depends upon the nature and character of the contract, and the true criterion is whether it has reference to maritime service or maritime transactions.

Id. (citations omitted).[1] The Court further stated that it focused the "inquiry on whether the principal objective of a contract is maritime commerce." Id. at 25. Thus, a contract which has a principal objective of maritime commerce is a maritime contract. Norfolk specifically provides

---

[1] Defendant relies almost entirely on a 1946 Second Circuit case, W. E. Hedger Transp. Corp. v. Ira S. Bushey & Sons, Inc., 155 F.2d 321 (2d Cir. 1946). Defendant has overlooked the controlling authority of Norfolk.

3

that, even when a contract has elements which are performed on land, the key question is whether the principal objective is maritime commerce.  Id. at 24.

There is no dispute that the parties in the present case are both involved in the ocean shipping business.  Defendant's brief states that it provides its customers with "ocean shipping" services.  (Def.'s Br. 4.)  The Complaint alleges breach of a contract.[2]  The Complaint alleges that this contract provided, *inter alia*: "Safewater then would place the cargo with an ocean carrier, which issued an ocean bill of lading identifying Safewater as the shipper, and Samrat as the consignee."  (Compl. ¶ 10(b).)  The Complaint alleges a contract with a principal objective of maritime commerce.  This Court is satisfied that the Complaint sufficiently alleges a contract with a principal objective of maritime commerce.  Under Norfolk, this Court has admiralty jurisdiction over this Complaint.

Plaintiff has carried its burden of showing that the attachment should not be vacated.  The motion to vacate the attachment and dismiss the Complaint will be denied.

For these reasons,

**IT IS** on this 18th day of February, 2015

**ORDERED** that Defendant's motion to vacate the attachment and dismiss the Complaint (Docket Entry No. 25) is **DENIED**.

    s/Stanley R. Chesler  
    STANLEY R. CHESLER  
    United States District Judge

---

[2] On this motion, the Court looks to the facts alleged in the Complaint.  It is worth noting, however, that Defendant's moving brief devotes four pages to its version of the facts.  (Def.'s Br. 5-8.)  The facts, as alleged by Defendant, are all about transactions between the parties involving ocean shipping of cargo.