*CLOSED*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMRAT CONTAINER LINES, INC., : | |
| : | Civil Action No. 14-6110 (SRC) |
| Plaintiff, : | |
| : | **OPINION & ORDER** |
| v. : | |
| : | |
| SAFEWATER LINES INDIA PVT, LTD. : | |
| et al., : | |
| : | |
| Defendant and Garnishees. : | |
| : | |

**CHESLER**, District Judge

    This matter comes before the Court on two motions: 1) the motion to vacate the attachment by Defendant Safewater Lines India Pvt. Ltd. ("Safewater"); and 2) the motion for an order for issuance of process of maritime attachment and garnishment by Plaintiff SAMRAT Container Lines, Inc. ("SAMRAT"). For the reasons stated below, both motions will be denied.

    As to the motion to vacate the attachment,[1] which is unopposed, the motion will be denied as moot. There is no dispute that the Rule B attachment Order contained an express limit to 90 days, that it has expired, and this Court's Order of attachment has expired. There is no presently effective attachment to vacate.

    As to the motion for an order for issuance of process of maritime attachment and garnishment, the motion will be denied. Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims to the Federal Rules of Civil Procedure (the "Supplemental

---

[1] The motion is titled a motion to vacate the attachment and to dismiss the Complaint, but the brief contains no application to dismiss the Complaint.

Rules") sets forth the process by which a party can attach another party's assets. The rule provides:

> If a defendant is not found within the district when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property--up to the amount sued for--in the hands of garnishees named in the process.

Fed. R. Civ. P., Adm. Supp. Rule B(1)(a). In the opening brief for this motion, Plaintiff named Haba-Sped as garnishee, but subsequently filed a supplementary brief in which it stated that Haba-Sped should be replaced as garnishee by International Logistics Association LLC ("ILA").

In opposition, Safewater argues that Plaintiff has made no demonstration that any of its property is in the hands of the proposed garnishee, ILA. Indeed, the only support Plaintiff offers for its application is the affidavit of the President of SAMRAT, Satish V. Anchan, who states that unidentified individuals told him that Safewater now uses ILA as its agent. This Court does not issue maritime attachments based on vague rumors. There is nothing in the record presently before this Court to indicate that it may exercise *in rem* jurisdiction over any property held by ILA. The motion for an order for issuance of process of maritime attachment and garnishment will be denied.

Under Third Circuit law, this Court has an obligation to satisfy itself that it has subject matter jurisdiction over a case and to address the issue *sua sponte*.[2] This Court lacks *in personam* jurisdiction over the Defendant. The asserted basis for the exercise of jurisdiction in this case was *in rem* jurisdiction over property subject to a maritime claim, but Plaintiff has

---

[2] Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 420 (3d Cir.2003) (citing Bracken v. Matgouranis, 296 F.3d 160, 162 (3d Cir.2002)).

given the Court no basis to believe that any such property is located within this Court's territorial jurisdiction.  This Court finds no basis for it to exercise jurisdiction over this case, and the Complaint will be dismissed for lack of subject matter jurisdiction.

For these reasons,

**IT IS** on this 21st day of May, 2015

**ORDERED** that Defendant's motion to vacate the attachment and dismiss the Complaint (Docket Entry No. 42) is **DENIED** as moot; and it is further

**ORDERED** that Plaintiff's motion for an order for issuance of process of maritime attachment and garnishment (Docket Entry No. 46) is **DENIED**; and it is further

**ORDERED** that the Complaint is hereby **DISMISSED** for lack of subject matter jurisdiction.

                                                  s/Stanley R. Chesler
                                                STANLEY R. CHESLER
                                                United States District Judge